IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MOHAMMAD J. CHAUDHARY,

    Plaintiff,

v.                                                      Civil Action No. 1:15 CV 21

ASSET ACCEPTANCE, LLC,

Serve: Corporation Service Company, *Reg. Agent*
        Bank of America Center, 16th Floor
        1111 East Main Street
        Richmond, VA 23219

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Mohammad J. Chaudhary ("Mr. Chaudhary" or "Plaintiff"), by counsel, and for his Complaint against the Defendant, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendant, Asset Acceptance, LLC, for violating the Federal Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). In particular, Asset Acceptance obtained and used Plaintiff's consumer reports on multiple occasions without a permissible purpose to do so; and attempted to collect a debt from Plaintiff that he did not owe.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3. Plaintiff is a natural person residing in Virginia, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, Asset Acceptance, LLC. ("Asset Acceptance") is a corporation organized under the laws of Michigan and whose sole purpose is the collection of consumer debts. At all times relevant hereto, Asset Acceptance was a "debt collector" as governed by the FDCPA and a "user" as governed by the FCRA.

## FACTS

5. On or around November 21, 2013, Plaintiff obtained a copy of his credit report from Experian Information Solutions, Inc. and learned that a company named Asset Acceptance obtained his credit report from Experian on multiple occasions, including on April 23, 2012, September 26, 2012, November 9, 2012, March 24, 2013, and May 3, 2013.

6. Asset Acceptance did not have a lawful purpose to obtain and use the Plaintiff's credit reports and the Plaintiff never authorized Asset Acceptance to receive his credit reports.

7. In fact, Plaintiff had never even heard of Asset Acceptance until he reviewed his Experian credit report.

8. Not only did Asset Acceptance unlawfully obtain Plaintiff's credit report in violation of the FCRA, but it also began dunning Plaintiff on a debt he did not owe in violation of the FDCPA.

9. For example, on or around September 1, 2014, Asset Acceptance mailed Plaintiff a letter indicating that Plaintiff owed Asset Acceptance $1,289.53.

10. The letter further indicated that Plaintiff could settle his balance with Asset Acceptance for $322.38.

11. The letter further indicated that the original creditor on the account was Household/AFCA.

12. Plaintiff never had an account with Household/AFCA.

13. This is one of several communications sent by Asset Acceptance to Plaintiff in 2014—all of which violate the FDCPA.

### Asset Acceptance is a Debt Collector

14. Asset Acceptance is a debt collection company whose practice is focused on the collection of debts.

15. Asset Acceptance regularly collects consumer debts.

16. Asset Acceptance regularly demands payment from consumers of claimed delinquencies and acquires delinquent consumer accounts for the sole purpose of collecting the underlying debt.

17. Asset Acceptance regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure"). Each of its letters did so as to the Plaintiff.

18. Asset Acceptance regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g, upon written request from consumers.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### (Violation of 15 U.S.C. §1681b(f))

19. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

20. Asset Acceptance violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

21. As a result of Asset Acceptance's conduct, actions and inaction, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

22. Asset Acceptance's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

23. The Plaintiff is also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**(Violation of 15 U.S.C. § 1692e)**

24. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

25. Asset Acceptance violated 15 U.S.C. § 1692e, e(2) and/or e(10) through its false, deceptive, and misleading conduct, including but not limited to: by falsely indicating that the Plaintiff was obligated to pay monies on the accounts identified in its letters, and by obtaining Plaintiff's credit reports on multiple occasions without a permissible purpose to do so.

26. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### COUNT THREE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
(Violation of 15 U.S.C. § 1692f)

27. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

28. Asset Acceptance violated 15 U.S.C. § 1692f, including but not limited through its attempt to collect amounts not permitted by law.

29. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**MOHAMMAD J. CHAUDHARY**

By: *(signature)*
Of Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

*Counsel for Plaintiff*